IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OLGA PSHEVLOVZKY,

      Plaintiff,

vs.

BANK OF AMERICA, N.A.

      Defendant.

_____/

No. 2:12-cv-0667 JAM GGH PS

<u>FINDINGS & RECOMMENDATIONS</u>

      This action was referred to the undersigned pursuant to Local Rule 302(c)(21). Plaintiff is proceeding in pro se, having filed this action on March 16, 2012. Before this court had the opportunity to screen the complaint and rule on the in forma pauperis application, defendant filed a motion to dismiss on April 6, 2012. Plaintiff did not file an opposition. By order filed May 31, 2012, the hearing on the motion was vacated due to plaintiff's failure to file an opposition.

      Although the court liberally construes the pleadings of pro se litigants, they are required to adhere to the rules of court. As set forth in the district court's order requiring status report, failure to obey local rules may not only result in dismissal of the action, but "no party will be entitled to be heard in opposition to a motion at oral arguments if opposition has not been timely filed by that party." E. D. Cal. L. R. 230(c). More broadly, failure to comply with the Local Rules or "any order of the court may be grounds for imposition . . . of any and all sanctions

1

authorized by statute or Rule or within the inherent power of the Court." E. D. Cal. L. R. 110; see also E. D. Cal. L. R. 183 (requiring compliance with the Local and Federal Rules by pro se litigants).

As plaintiff failed to file an opposition, defendant's motion is considered unopposed. Furthermore, the court has reviewed the motion to dismiss and finds that it has merit. The only federal claims in the complaint are for violation of the Home Affordable Modification Program ("HAMP") and the False Claims Act. There is no private right of action under HAMP. Phipps v. Wells Fargo Bank, N.A., 2011 WL 302803, *9 (E.D. Cal. Jan. 27, 2011). The False Claims Act provides that a person who "knowingly presents, or causes to be presented, to an officer or employee of the United States Government ... a false or fraudulent claim for payment or approval ... is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of that person...." 31 U.S.C. § 3729(a). Plaintiff has not alleged that defendant Bank of America submitted a false claim to the United States Government.

The state law claims should be dismissed where there are no federal claims remaining. This court declines to exercise supplemental jurisdiction over plaintiff's possible state law claims. See 28 U.S.C. § 1367(c)(3) (The district courts may decline to exercise supplemental jurisdiction over a claim ...if – the district court has dismissed all claims over which it has original jurisdiction").

Accordingly, IT IS RECOMMENDED that:

1. Defendant's motion to dismiss, filed April 6, 2012, (dkt. no. 8), be granted.

2. This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be

captioned "Objections to Magistrate Judge"s Findings and Recommendations."  Any reply to the objections shall be served and filed within seven (7) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 3, 2012

                         /s/ Gregory G. Hollows
                     UNITED STATES MAGISTRATE JUDGE

GGH:076/Pshevlovzky0667.fr.wpd